UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | CRIMINAL ACTION NO. C-09-493-2 |
| | § | |
| CRESCENCIO MENDOZA | § | |

### ORDER DENYING MOTION FOR LEAVE TO APPEAL WITHOUT PREJUDICE, FOR APPOINTMENT OF COUNSEL AND TO PROCEED *IN FORMA PAUPERIS*

Pending before the Court is the letter motion filed by Crescencio Mendoza (Mendoza) and received by the Clerk on July 19, 2010, seeking leave to appeal, for appointment of counsel, and for *in forma pauperis* status for his appeal. (D.E. 41). The United States has not filed a response.

Mendoza was sentenced on September 29, 2009, to serve 63 months imprisonment with five years supervised release after his guilty plea to the charge of conspiracy to possess with intent to distribute 18 kilograms of cocaine. (D.E. 32). At the conclusion of sentencing, the Court admonished Mendoza of his appeal rights and he indicated he understood them. (D.E.31, ERO 9:31:01/21). His notice of appeal was filed 293 days after sentencing. Mendoza's motion for leave is untimely; he provides no explanation for its untimeliness.

"An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." Fed. R. App. P. 3. Rule 4(b) requires a notice of appeal in a criminal case to be filed within 14 days of the judgment appealed from, but allows a motion for extension of the time to file the notice of appeal if the requested extension is within thirty days of the due date.[1] Fed. R. App. P.

---

[1] Rule 4(b)(1)(A) sets the time within which a criminal defendant must file a notice of appeal:

4(b). Although Rule 4(b)(1)(A)'s time limit for filing a timely notice of appeal is not jurisdictional, it is mandatory. United States v. Martinez, 496 F.3d 387, 388 (5th Cir. 2007) (following Bowles v. Russell, 551 U.S. 205, 211-13, 127 S.Ct. 2360(2007)). A defendant does not have a right to have his untimeliness for filing a notice of appeal disregarded. United States v. Leijano-Cruz, 473 F.3d 571, 574 (5th Cir. 2006).

For these reasons, Mendoza's letter motion (D.E. 41) for leave, for appointment of counsel, and to appeal *in forma pauperis* is DENIED without prejudice to his filing pursuant to 28 U.S.C. § 2255.[2] The Clerk is instructed to send Mendoza forms for filing a motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255.

SIGNED and ORDERED this 13th day of January, 2011.

_____
Janis Graham Jack
United States District Judge

---

In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of:
    (I) the entry of either the judgment or the order being appealed; or
    (ii) the filing of the government's notice of appeal.
Fed. R. App. P. 4(b)(1)(A). Rule 4(b)(4) states: "Upon a finding of excusable neglect or good cause, the district court may-before or after the time has expired, with or without motion and notice-extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."

[2]  Mendoza may file a motion pursuant to 28 U.S.C. § 2255 if he wishes to develop his contention that his attorney was ineffective for failing to file a notice of appeal or any other complaint of ineffective assistance of counsel.