UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | CRIMINAL ACTION NO. C-09-493-2 |
| | § | |
| CRESCENCIO MENDOZA | § | |

### ORDER DENYING MOTION FOR LEAVE TO APPEAL WITHOUT PREJUDICE, FOR APPOINTMENT OF COUNSEL AND TO PROCEED *IN FORMA PAUPERIS* AND RECHARACTERIZING AS A MOTION PURSUANT TO 28 U.S.C. § 2255

Pending before the Court is the second letter motion filed by Crescencio Mendoza (Mendoza) seeking leave to file an out-of-time appeal and for appointment of counsel. D.E. 45. Mendoza filed a previous request, D.E. 41, which this Court denied by written order on January 13, 2011. D.E. 41, 42. This Court's previous Order was never received by Mendoza.[1] The Court VACATES its previous order (D.E. 42), DENIES the letter motions (D.E. 41, 45) on the grounds stated, but recharacterizes the motion (D.E. 41) as a filing pursuant to 28 U.S.C. § 2255.

### FACTUAL BACKGROUND

Mendoza was sentenced on September 29, 2009, to serve 63 months imprisonment with five years supervised release after his guilty plea to the charge of conspiracy to possess with intent to distribute 18 kilograms of cocaine. D.E. 32. At the conclusion of sentencing, the Court admonished Mendoza of his appeal rights and he indicated he understood them. D.E.31, ERO 9:31:01/21. His notice of appeal was filed on July 19, 2010, 293 days after sentencing. D.E. 41.

---

[1] The Clerk's office mailed a copy of this Court's Order and the forms for Mendoza to file a motion pursuant to 28 U.S.C. § 2255 to his address in Pecos, Texas. The mail was returned. D.E. 43, 44. Mendoza's filing in February of 2011 notes his address in Ohio. Mendoza did not receive the forms or a copy of this Court's Order.

Mendoza's original motion provided no explanation for its untimeliness. Mendoza's current motion contends that his attorney failed to timely file a notice of appeal on his behalf. D.E. 45.

## UNTIMELY NOTICE OF APPEAL

"An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." Fed. R. App. P. 3. Rule 4(b) requires a notice of appeal in a criminal case to be filed within 14 days of the judgment appealed from, but allows a motion for extension of the time to file the notice of appeal if the requested extension is within thirty days of the due date.[2] Fed. R. App. P. 4(b). Although Rule 4(b)(1)(A)'s time limit for filing a timely notice of appeal is not jurisdictional, it is mandatory. United States v. Martinez, 496 F.3d 387, 388 (5th Cir. 2007) (following Bowles v. Russell, 551 U.S. 205, 211-13, 127 S.Ct. 2360(2007)). A defendant does not have a right to have his untimeliness for filing a notice of appeal disregarded. United States v. Leijano-Cruz, 473 F.3d 571, 574 (5th Cir. 2006).

The Court DENIES Mendoza's letter motions for an extension of time to file his notice of appeal, along with his request for counsel for appeal as untimely. D.E. 41, 45.

## MENDOZA'S MOTION MAY PROPERLY BE RECHARACTERIZED AS A MOTION PURSUANT TO 28 U.S.C. § 2255 AND CASTRO WARNING

Mendoza's complaint (D.E. 45) that his attorney failed to timely file a notice of appeal may properly be construed as a motion for relief under 28 U.S.C. § 2255. Pursuant to the

---

[2] Rule 4(b)(1)(A) sets the time within which a criminal defendant must file a notice of appeal:
In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of:
    (I) the entry of either the judgment or the order being appealed; or
    (ii) the filing of the government's notice of appeal.
Fed. R. App. P. 4(b)(1)(A). Rule 4(b)(4) states: "Upon a finding of excusable neglect or good cause, the district court may-before or after the time has expired, with or without motion and notice-extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."

Supreme Court's decision in Castro v. United States, 540 U.S. 375, 383 (2003), however, the undersigned recognizes that a post-conviction motion should be recharacterized as a § 2255 motion only after adequate notice and warning to the defendant as to the consequences of recharacterization. Accordingly, **Mendoza is hereby advised that he must notify this Court if he wishes his motion to be characterized as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255**. Mendoza is further advised that, if the motion is so characterized, he may be prohibited from asserting additional § 2255 claims in the future and from filing any subsequent § 2255 motion. See 28 U.S.C. § 2255 (prohibiting the filing of a "second or successive motion" unless certain procedural steps are taken and certain prerequisites are met). That is, before he will be permitted to file a second or successive § 2255 motion, Mendoza will be required to seek, and acquire, the approval of the Fifth Circuit and will have to establish certain grounds in order to obtain that approval.[3] 28 U.S.C. § 2244(b)(3)(A).

In light of the foregoing, if Mendoza wishes to have his motion construed under § 2255, he must affirmatively notify the Court within 30 days of this order. He should supplement his motion with all grounds he wishes to assert (or risk waiving them), or he may voluntarily withdraw his motion within 30 days of the entry of this Order. If he fails to affirmatively notify the Court of his desire to proceed as a § 2255, this Court will dismiss his current filing on the stated grounds.

---

[3] The pertinent portion of § 2255 states:
> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
>
> 28 U.S.C. § 2255.

### MOTION TO PROCEED *IN FORMA PAUPERIS*

Mendoza's original letter request included a request to proceed *in forma pauperis*. D.E. 41. This Court denied his motion for an extension of time to file a notice of appeal such that his motion to proceed *in forma pauperis* is unnecessary. Should Mendoza wish to proceed pursuant to § 2255, there is no need for *in forma pauperis* status because such proceedings are essentially a continuation of the defendant's criminal case. See United States v. Cole, 101 F.3d 1076 (5th Cir. 1996) (characterizing § 2255 motions and indicating that it was not a civil action for purposes of the Prison Litigation Reform Act). In this district, no filing fee is required to file such a motion. Accordingly, Mendoza's motion (D.E. 41) for *in forma pauperis* status is DENIED WITHOUT PREJUDICE.

### CONCLUSION

As discussed above, **Mendoza is advised that he must notify this Court within thirty (30) days of this Order if he wishes to proceed in a § 2255 motion and if he does, he should supplement his filing to include all claims that he wishes to raise or risk have them barred in any subsequent proceeding, or he may withdraw his motion. If Mendoza does not respond to this Order, the Court will dismiss his motions**, D.E. 41 and 45, consistent with the Court's rulings on his motion for leave to file a late notice of appeal, for appointment of counsel, and his request to proceed *in forma pauperis*. The Court VACATES its previous Order (D.E. 42) and substitutes this Order. The Court DENIES Mendoza's' motion to file an out-of-time appeal (D.E. 41, 45), DENIES WITHOUT PREJUDICE his request for *in forma pauperis status* (D.E. 41). Additionally, the Clerk is directed to forward to Mendoza the forms for filing a motion

pursuant to § 2255, to assign this case a civil action number, and to serve a copy of Mendoza's motions (D.E. 41, 45) and this Order on the government.

SIGNED and ORDERED this 3rd day of March, 2011.

_____
Janis Graham Jack
United States District Judge